# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**180**

**KA 09-00724**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MICHAEL A. TABB, DEFENDANT-APPELLANT.

---

ROBERT M. PUSATERI, CONFLICT DEFENDER, LOCKPORT (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Richard C. Kloch, Sr., A.J.), rendered September 4, 2008.  The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]).  Defendant was indicted for murder in the second degree (§ 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [1] [b]), but he pleaded guilty to manslaughter on the condition that he waive his right to appeal.  Contrary to defendant's contention, the record demonstrates that he validly waived his right to appeal.  We conclude that County Court did not indicate to defendant that he automatically forfeited his right to appeal upon pleading guilty (*cf. People v Moyett*, 7 NY3d 892).  Rather, the court "engaged in a fuller colloquy, describing the nature of the right being waived without lumping that right into the panoply of trial rights automatically forfeited upon pleading guilty" (*People v Lopez*, 6 NY3d 248, 257).

Defendant failed to preserve for our review his challenge to the factual sufficiency of the plea colloquy because he neither moved to withdraw the plea nor moved to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665).  In any event, that challenge is encompassed by defendant's valid waiver of the right to appeal (*see People v Adzajlic*, 74 AD3d 1866).

Entered:  February 10, 2011                      Patricia L. Morgan
                                                 Clerk of the Court