# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

205

KA 10-01777

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

ANTHONY A. MITCHELL, DEFENDANT-APPELLANT.

---

JOSEPH T. JARZEMBEK, BUFFALO, FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered July 19, 2010. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of attempted criminal possession of a controlled substance in the fifth degree (Penal Law §§ 110.00, 220.06 [5]). Preliminarily, we note that defendant's notice of appeal recites an incorrect date on which judgment was rendered. Defendant's notice of appeal recites the correct indictment number, however, and thus we exercise our discretion, in the interest of justice, and treat the notice of appeal as valid (*see* CPL 460.10 [6]).

We reject defendant's contention that the language used by County Court during the plea allocution concerning his waiver of the right to appeal was vague and did not absolutely prohibit defendant from contesting the court's suppression rulings on appeal. " '[Trial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea in which defendant waives a plethora of rights,' including the right to appeal" (*People v Gilbert*, 17 AD3d 1164, 1164, *lv denied* 5 NY3d 762, quoting *People v Moistest*, 76 NY2d 909, 910-911). Here, the record establishes that the court stated that defendant was waiving his right to appeal, and defendant indicated that he understood that he was waiving his right to appeal. Defendant's valid waiver of the right to appeal thus encompasses his challenges to the court's suppression rulings (*see People v Kemp*, 94 NY2d 831, 833; *Gilbert*, 17 AD3d at 1164). To the extent that defendant contends that his plea was not knowing, intelligent, and voluntary, that contention in fact is premised on

defendant's challenge to the allegedly incorrect suppression rulings. Thus, that contention is in effect also a challenge to the suppression rulings, which is encompassed by the valid waiver of the right to appeal (*see Kemp*, 94 NY2d at 833).

Entered:  March 16, 2012                        Frances E. Cafarell
                                                Clerk of the Court