# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

483

KA 11-00994

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL J. FISHER, DEFENDANT-APPELLANT.

---

KATHLEEN E. CASEY, BARKER, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered May 2, 2011. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1]). We reject defendant's contention that his waiver of the right to appeal is invalid. "No particular litany is required for an effective waiver of the right to appeal" (*People v McDonald*, 270 AD2d 955, *lv denied* 95 NY2d 800; *see People v Moissett*, 76 NY2d 909, 910-911). The record establishes that defendant's waiver of the right to appeal was knowing, voluntary and intelligent and that it was "intended comprehensively to cover all aspects of the case" (*People v Muniz*, 91 NY2d 570, 575). "Insofar as defendant contends that the waiver of the right to appeal should not encompass any issues raised in a CPL article 330 or article 440 motion or in an application for coram nobis relief . . ., that contention is premature because it seeks merely an advisory opinion" (*People v Hill*, ___ AD3d ___, ___ [Mar. 16, 2012]). Defendant's further contention that he received ineffective assistance of counsel does not survive the guilty plea or the waiver of the right to appeal inasmuch as "defendant failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance" (*People v Gleen*, 73 AD3d 1443, 1444, *lv denied* 15 NY3d 773 [internal quotation marks omitted]).

Entered: April 20, 2012                          Frances E. Cafarell
                                                 Clerk of the Court