# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

877
KA 10-01262
PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

SALEH ABDULLA, DEFENDANT-APPELLANT.

---

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (John L. Michalski, A.J.), rendered June 10, 2009. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [3]). As defendant correctly contends, defense counsel erred in informing him that, despite his guilty plea, he reserved the right to argue on appeal that County Court erred in denying his pro se motion to dismiss the indictment based on the alleged violation of his statutory right to a speedy trial (*see People v Hansen*, 95 NY2d 227, 231 n 3). We conclude, however, that defendant's contention that he was thereby denied effective assistance of counsel "does not survive his guilty plea because '[t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorney[']s allegedly poor performance' " (*People v LaBar*, 16 AD3d 1084, 1085, *lv denied* 5 NY3d 764). The record establishes that defendant admitted at the plea and at sentencing that he pleaded guilty in order to avoid a lengthy prison sentence. Indeed, defendant was indicted on three class B violent felony offenses and thus faced the possibility of consecutive terms of imprisonment ranging from 5 to 25 years (*see* §§ 70.02 [3] [a]; 70.25 [1]). Defendant pleaded guilty to a class D violent felony offense and was sentenced to a determinate term of imprisonment of two years and a two-year period of postrelease supervision. In any event, we note that the record establishes that

defendant's statutory speedy trial rights were not violated.