# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1092**

**KA 09-02632**

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KENNETH T. HYSON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered July 8, 2009. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [2] [b]). Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256), and that valid waiver forecloses any challenge by defendant to the severity of the sentence (*see id.* at 255; *People v Lococo*, 92 NY2d 825, 827; *People v Hidalgo*, 91 NY2d 733, 737). We reject defendant's further contention that his right to counsel was violated when County Court denied his request for a new attorney without making an inquiry into his reasons for the request. Defendant's request for a new attorney was wholly lacking in "specific factual allegations of 'serious complaints about counsel' " (*People v Porto*, 16 NY3d 93, 100). We note in any event that, at the next court date following defendant's request for a new attorney, which was to be a conditional examination of the elderly victim, defendant accepted a plea offer with sentencing consideration that was more favorable than the prior offer. Indeed, based on the court's statements at sentencing, it appears that the sentence was considerably more favorable than the sentence that the court would have imposed but for the sentencing parameters agreed to as part of the plea.

Entered: November 15, 2013                    Frances E. Cafarell
                                              Clerk of the Court