# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1250**

**KA 11-02337**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                           MEMORANDUM AND ORDER

KYLE MCCLAIN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered August 9, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, unlawful possession of marihuana and failure to obey a stop sign.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), unlawful possession of marihuana (§ 221.05), and failure to obey a stop sign (Vehicle and Traffic Law § 1172 [a]). We reject defendant's contention that his waiver of the right to appeal was invalid. "[T]rial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea in which defendant waives a plethora of rights, including the right to appeal" (*People v Mitchell*, 93 AD3d 1173, 1173-1174, *lv denied* 19 NY3d 999 [internal quotation marks omitted]; *see People v Fisher*, 94 AD3d 1435, 1435, *lv denied* 19 NY3d 973). The record establishes that defendant waived his right to appeal in order to secure a sentencing commitment, and Supreme Court properly " 'describ[ed] the nature of the right being waived without lumping that right into the panoply of trial rights automatically forfeited upon pleading guilty' " (*People v Tabb*, 81 AD3d 1322, 1322, *lv denied* 16 NY3d 900, quoting *People v Lopez*, 6 NY3d 248, 257). Defendant's valid waiver of the right to appeal encompasses his challenge to the court's suppression rulings (*see Mitchell*, 93 AD3d at 1174).

Entered: December 27, 2013                        Frances E. Cafarell
                                                  Clerk of the Court