*1335 Appeal from a judgment of the Supreme Court, Erie County (Russell E Buscaglia, A.J.), rendered August 9, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, unlawful possession of marihuana and failure to obey a stop sign.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), unlawful possession of marihuana (§ 221.05), and failure to obey a stop sign (Vehicle and Traffic Law § 1172 [a]). We reject defendant’s contention that his waiver of the right to appeal was invalid. e‘[T]rial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea in which defendant waives a plethora of rights, including the right to appeal” (People v Mitchell, 93 AD3d 1173, 1173-1174 [2012], lv denied 19 NY3d 999 [2012] [internal quotation marks omitted]; see People v Fisher, 94 AD3d 1435, 1435 [2012], lv denied 19 NY3d 973 [2012]). The record establishes that defendant waived his right to appeal in order to secure a sentencing commitment, and Supreme Court properly “ ‘described] the nature of the right being waived without lumping that right into the panoply of trial rights automatically forfeited upon pleading guilty’ ” (People v Tabb, 81 AD3d 1322, 1322 [2011], lv denied 16 NY3d 900 [2011], quoting People v Lopez, 6 NY3d 248, 257 [2006]). Defendant’s valid waiver of the right to appeal encompasses his challenge to the court’s suppression rulings (see Mitchell, 93 AD3d at 1174). Present — Smith, J.E, Fahey, Garni, Valentino and Whalen, JJ.