# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1383**
**KA 11-01733**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RACHAEL DURODOYE, DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (PATRICK J. MARTHAGE OF COUNSEL), FOR DEFENDANT-APPELLANT.

RACHAEL DURODOYE, DEFENDANT-APPELLANT PRO SE.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered September 8, 2010. The judgment convicted defendant, upon her plea of guilty, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]). Contrary to defendant's contention, the record establishes that she knowingly, voluntarily, and intelligently waived her right to appeal (*see People v Lopez*, 6 NY3d 248, 256). We reject defendant's contention that County Court should have explained that certain issues survive a waiver of the right to appeal, inasmuch as " '[n]o particular litany is required for an effective waiver of the right to appeal' " (*People v Fisher*, 94 AD3d 1435, 1435, *lv denied* 19 NY3d 973; *see People v Moissett*, 76 NY2d 909, 910-911). We reject defendant's further contention that the court was required to discuss the waiver at sentencing (*see generally Moissett*, 76 NY2d at 912; *People v Pieper*, 104 AD3d 1225, 1225). Defendant's contention that the guilty plea was not knowingly, voluntarily, and intelligently entered survives the waiver of the right to appeal but is not preserved for our review because she failed to move to withdraw the plea or to set aside the judgment of conviction (*see People v Busch*, 60 AD3d 1393, 1394, *lv denied* 12 NY3d 913). This case does not fall within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666). The valid waiver of the right to appeal encompasses defendant's challenge to the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737).

Defendant contends in her pro se supplemental brief that she was denied effective assistance of counsel because defense counsel was subsequently convicted of a charge that adversely reflected on his honesty, trustworthiness, or fitness as an attorney. Defendant's contention does not survive the guilty plea or the waiver of the right to appeal inasmuch as " 'defendant failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance' " (*Fisher*, 94 AD3d at 1435-1436). Indeed, we note that defendant does not point to anything in defense counsel's performance to show that she allegedly received less than meaningful representation.