# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**491**

**KA 12-01619**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

CHRISTOPHER BOSWELL, SR., DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

JAMES S. KERNAN, PUBLIC DEFENDER, LYONS (RICHARD W. YOUNGMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered July 5, 2011. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [3]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of promoting prison contraband in the first degree (§ 205.25 [1]). In appeal No. 3, defendant appeals from a judgment convicting him upon his plea of guilty of aggravated criminal contempt (§ 215.52 [1]). Defendant contends with respect to each appeal that he was denied effective assistance of counsel. That contention does not survive his guilty plea in any appeal inasmuch as "defendant failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance" (*People v Durodoye*, 113 AD3d 1130, 1131 [internal quotation marks omitted]; *see People v Wright*, 66 AD3d 1334, 1334, *lv denied* 13 NY3d 912). To the extent that defendant's contention involves matters outside the record on appeal, we note that it must be raised by way of a motion pursuant to CPL 440.10 (*see People v Russell*, 83 AD3d 1463, 1465, *lv denied* 17 NY3d 800).

We reject defendant's further contention in each appeal that the court's failure to address his request for substitution of counsel requires reversal. In support of his request, defendant made only conclusory assertions that "did not 'suggest a serious possibility of

good cause for substitution' " (*People v Thagard*, 28 AD3d 1097, 1098, *lv denied* 7 NY3d 795; *see People v Hyson*, 111 AD3d 1387, 1388).  In any event, defendant abandoned his request when he " 'decid[ed] . . . to plead guilty while still being represented by the same attorney' " (*People v Guantero*, 100 AD3d 1386, 1387, *lv denied* 21 NY3d 1004; *see People v Morris*, 94 AD3d 1450, 1451, *lv denied* 19 NY3d 976; *People v Munzert*, 92 AD3d 1291, 1292-1293).

Entered:  May 2, 2014                                    Frances E. Cafarell
                                                         Clerk of the Court