■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN DAVIS, Appellant. [21 NYS3d 657]—Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered July 7, 2014. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]). Defendant's contention that he was denied effective assistance of counsel does not survive his guilty plea where, as here, "[t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his at-

torney[']s allegedly poor performance" (*People v Abdulla*, 98 AD3d 1253, 1254 [2012], *lv denied* 20 NY3d 985 [2012] [internal quotation marks omitted]; *see People v Boswell*, 117 AD3d 1493, 1493-1494 [2014]). Defendant further contends that County Court failed to conduct a sufficient inquiry into whether he possessed the requisite intent to commit the offense and thus that his plea was not voluntarily entered. Defendant failed to preserve that contention for our review because he did not move to withdraw his plea or to vacate the judgment of conviction, and this case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666 [1988]) because nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea (*see People v Laney*, 117 AD3d 1481, 1482 [2014]). Present—Scudder, P.J., Centra, Carni, Valentino and DeJoseph, JJ.