# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1005**
**KA 14-01971**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DEVON SCOTT, ALSO KNOWN AS "GHOST",
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered August 8, 2013. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a plea of guilty of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that his waiver of the right to appeal is not valid and that Supreme Court erred in refusing to suppress statements he made to the police as well as identification testimony from several witnesses. We reject defendant's contentions.

Contrary to defendant's contention, "the waiver of the right to appeal was not rendered invalid based on the court's failure to require defendant to articulate the waiver in his own words" (*People v Dozier*, 59 AD3d 987, 987, *lv denied* 12 NY3d 815). Moreover, the record establishes that the court "describ[ed] the nature of the right being waived without lumping that right into the panoply of trial rights automatically forfeited upon pleading guilty," and ensured that defendant's waiver was knowingly, intelligently, and voluntarily entered (*People v Lopez*, 6 NY3d 248, 257; *see e.g. People v McClain*, 112 AD3d 1334, 1335, *lv denied* 23 NY3d 965; *People v Verse*, 61 AD3d 1409, 1409, *lv denied* 12 NY3d 930). Defendant further contends that the waiver of the right to appeal was not knowingly, intelligently, and voluntarily entered based on his mental limitations, including potential learning disabilities. Although the record establishes that defendant "may be learning disabled," there is no " 'indication that defendant was uninformed, confused or incompetent when he' waived his right to appeal" (*People v DeFazio*, 105 AD3d 1438, 1439, *lv denied* 21

NY3d 1015), nor is there any basis to conclude that the court did not adequately mold its colloquy to the "age, experience and background of the accused" (*People v Seaberg*, 74 NY2d 1, 11).

The valid waiver of the right to appeal forecloses any challenge by defendant to the court's suppression rulings (*see People v Kemp*, 94 NY2d 831, 833; *People v Burley*, 136 AD3d 1404, 1404, *lv denied* 27 NY3d 993).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court