# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1270

KA 14-01607

PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

YADIEL CORREA, DEFENDANT-APPELLANT.

---

ROBERT A. DINIERI, CLYDE, FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered March 27, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree (two counts), and conspiracy in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and conspiracy in the fourth degree (§ 105.10 [1]), defendant contends that County Court erred in denying his request for a substitution of counsel. It is well settled that "[t]he decision to allow a defendant to substitute counsel is largely within the discretion of the court to which the application is made" (*People v Jackson*, 85 AD3d 1697, 1699, *lv denied* 17 NY3d 817 [internal quotation marks omitted]; *see People v Stevenson*, 36 AD3d 634, 634, *lv denied* 8 NY3d 927), and here, we conclude that the court did not abuse its discretion in denying defendant's request.

Contrary to defendant's contention, the court did not err in denying the request for substitution without making further inquiry into the reasons for the request. A "court's duty to consider such a motion is invoked only where a defendant makes a 'seemingly serious request[ ]' . . . Therefore, it is incumbent upon a defendant to make specific factual allegations of 'serious complaints about counsel' " in support of his or her motion (*People v Porto*, 16 NY3d 93, 99-100). Here, to the contrary, "[f]urther inquiry was not required because [defendant']s conclusory assertions did not suggest the serious possibility of a genuine conflict of interest" (*Stevenson*, 36 AD3d at

635; *see People v Lewicki*, 118 AD3d 1328, 1329, *lv denied* 23 NY3d 1064; *People v Boswell*, 117 AD3d 1493, 1494, *lv denied* 23 NY3d 1060). In any event, defendant abandoned his request when he " 'decid[ed] . . . to plead guilty while still being represented by the same attorney' " (*People v Guantero*, 100 AD3d 1386, 1387, *lv denied* 21 NY3d 1004; *see Boswell*, 117 AD3d at 1494; *see also People v Ocasio*, 81 AD3d 1469, 1470, *lv denied* 16 NY3d 898, *cert denied* ___ US ___, 132 S Ct 318).

Finally, we note that the certificate of conviction contains a typographical error inasmuch as it incorrectly reflects that defendant was sentenced to an indeterminate term of imprisonment of 1 to 3 years on the conspiracy count, whereas the parties agree, and the sentencing minutes reflect, that he was sentenced to 1½ to 3 years on that count. The certificate of conviction therefore must be amended to correct that error (*see generally People v Kemp*, 112 AD3d 1376, 1377; *People v Smoke*, 43 AD3d 1332, 1333, *lv denied* 9 NY3d 1039).

Entered:  December 23, 2016                     Frances E. Cafarell
                                                Clerk of the Court