Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered August 4, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Contrary to defendant’s contention and the “concession” of the People, the record establishes that defendant validly waived his right to appeal (see generally People v Lopez, 6 NY3d 248, 256 [2006]). Upon our review of the colloquy, we conclude that Supreme Court “did not indicate to defendant that he automatically forfeited his right to appeal upon pleading guilty” (People v Tabb, 81 AD3d 1322, 1322 [4th Dept 2011], lv denied 16 NY3d 900 [2011]; cf. People v Moyett, 7 NY3d 892, 892-893 [2006]). “Rather, the court ‘engaged in a fuller colloquy, describing the nature of the right being waived without lumping that right into the panoply of trial rights automatically forfeited upon pleading guilty’ ” (Tabb, 81 AD3d at 1322, quoting Lopez, 6 NY3d at 257). Defendant’s valid waiver of the right to appeal, which specifically included a waiver of the right to challenge the severity of the sentence, encompasses his contention that the sentence imposed is unduly harsh and severe (see Lopez, 6 NY3d at 255-256; People v Hidalgo, 91 NY2d 733, 737 [1998]; cf. People v Maracle, 19 NY3d 925, 928 [2012]).
 

 Present— .Smith, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.