People v Johnson (2019 NY Slip Op 00726)





People v Johnson


2019 NY Slip Op 00726


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


112 KA 17-00357

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL W. JOHNSON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered April 19, 2016. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of robbery in the second degree (Penal Law § 160.10 [2] [b]). We reject defendant's contention that the waiver of the right to appeal is not valid. Supreme Court engaged defendant "in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Marshall, 144 AD3d 1544, 1545 [4th Dept 2016] [internal quotation marks omitted]). Defendant's contention that the court should have explained that certain issues survive a waiver of the right to appeal is without merit inasmuch as " [n]o particular litany is required for an effective waiver of the right to appeal' " (People v Fisher, 94 AD3d 1435, 1435 [4th Dept 2012], lv denied 19 NY3d 973 [2012]; see People v Kemp, 94 NY2d 831, 833 [1999]; People v Durodoye, 113 AD3d 1130, 1131 [4th Dept 2014]). The valid waiver of the right to appeal forecloses our review of defendant's contention that the sentence is unduly harsh and severe (see generally People v Lopez, 6 NY3d 248, 255 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]). Defendant's challenge to the legality of a resentence imposed on a violation of probation is not properly before us because defendant did not take an appeal from the resentence (see People v Kuras, 49 AD3d 1196, 1197
[4th Dept 2008], lv denied 10 NY3d 866 [2008]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court