People v Brooks (2020 NY Slip Op 05768)





People v Brooks


2020 NY Slip Op 05768


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2017-01759
 (Ind. No. 1879/16)

[*1]The People of the State of New York, respondent,
v
David Brooks, appellant.


Steven A. Feldman, Manhasset, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered January 23, 2017, convicting him of attempted identity theft in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his plea of guilty was involuntary because the County Court did not advise him of the possible immigration consequences of his plea (see generally People v Peque, 22 NY3d 168). Under the circumstances of this case, where nothing in the record contradicts the defendant's statement made under oath, at the plea proceeding, that he was a citizen of the United States, or the information in the Department of Probation Presentence Investigation Report indicating that the defendant was a United States citizen, we reject the defendant's contention (see People v Williams, 178 AD3d 1095; People v Tull, 159 AD3d 1387, 1387-1388).
Although the County Court lacked discretion at sentencing to defer the mandatory surcharge (see People v Jones, 26 NY3d 730, 732-733), the court's error in this regard, which was in the defendant's favor, does not entitle him to the relief he seeks (see People v Himonitis, 174 AD3d 738, 739; People v Tietje, 171 AD3d 1221, 1222).
MASTRO, J.P., AUSTIN, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court