People v Austin (2021 NY Slip Op 06259)





People v Austin


2021 NY Slip Op 06259


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


878 KA 19-01455

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL AUSTIN, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered December 5, 2016. The judgment convicted defendant upon his plea of guilty of rape in the second degree (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection to expire on June 29, 2037, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of four counts of rape in the second degree (Penal Law § 130.30 [1]). Preliminarily, we note that defendant's notice of appeal recites an incorrect date on which the judgment was rendered, but inasmuch as the notice of appeal is otherwise accurate and recites the correct indictment number, we exercise our discretion, in the interest of justice, and treat the notice of appeal as valid (see People v Delgado, 183 AD3d 1236, 1236 [4th Dept 2020], lv denied 35 NY3d 1044 [2020]; People v Mitchell, 93 AD3d 1173, 1173 [4th Dept 2012], lv denied 19 NY3d 999 [2012]).
Defendant contends that the waiver of the right to appeal is invalid and that the sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of his challenge to the severity of the sentence (see People v Love, 181 AD3d 1193, 1193 [4th Dept 2020]), we conclude that the sentence is not unduly harsh or severe.
Defendant's further contention that County Court erred in calculating the expiration date of the order of protection would survive even a valid waiver of the right to appeal (see People v Davis, 153 AD3d 1617, 1618 [4th Dept 2017], lv denied 30 NY3d 1059 [2017]), but defendant failed to preserve that contention for our review (see People v Nieves, 2 NY3d 310, 315-316 [2004]; Davis, 153 AD3d at 1618). We nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]), and we agree with defendant that the expiration date of the order of protection exceeds that allowed by the law. Where, as here, a defendant is convicted of a felony and his or her sentence does not include a term of probation for an enumerated felony sexual assault, CPL 530.13 (4) (A) provides that the expiration date of the order of protection "shall not exceed the greater of: (i) eight years from the date of such sentencing, . . . or (ii) eight years from the date of the expiration of the . . . term of a determinate sentence of imprisonment actually imposed." Here, the expiration date of defendant's determinate sentence of imprisonment, which includes the six-year period of postrelease supervision, is June 29, 2029 (see People v Williams, 19 NY3d 100, 104-105 [2012]; People v Gonyeau, 144 AD3d 1574, 1574 [4th Dept 2016], lv denied 28 NY3d 1184 [2017]). Thus, eight years from that date results in a maximum expiration date of June 29, 2037 for the order of protection. We therefore modify the judgment by amending the order of protection to [*2]expire on that date (see People v Griswold, 186 AD3d 1104, 1105 [4th Dept 2020], lv denied 35 NY3d 1113 [2020]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court