People v Sawyer (2023 NY Slip Op 01385)

People v Sawyer

2023 NY Slip Op 01385

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, BANNISTER, AND OGDEN, JJ.

76 KA 21-01400

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL S. SAWYER, DEFENDANT-APPELLANT. 

STEVEN A. FELDMAN, MANHASSET, FOR DEFENDANT-APPELLANT. 
MACKENZIE STUTZMAN, SPECIAL DISTRICT ATTORNEY, PENN YAN, FOR RESPONDENT.

 Appeal from a judgment of the Steuben County Court (Philip J. Roche, J.), rendered October 29, 2019. The judgment convicted defendant upon his plea of guilty of attempted kidnapping in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of attempted kidnapping in the first degree (Penal Law
§§ 110.00, 135.25 [2] [a]), defendant contends that his waiver of the right to appeal is not valid and that his felony guilty plea was not knowingly, voluntarily, and intelligently entered because County Court failed to advise him of the potential deportation consequences of such a plea, as required by People v Peque (22 NY3d 168 [2013], cert denied 574 US 840 [2014]). We affirm.
Initially, defendant's contention regarding the voluntariness of his plea survives his purported waiver of the right to appeal (see People v Roman, 160 AD3d 1492, 1492 [4th Dept 2018]; see generally People v Burtes, 151 AD3d 1806, 1807 [4th Dept 2017], lv denied 30 NY3d 978 [2017]). Furthermore, "preservation was not required inasmuch as the record bears no indication that defendant knew about the possibility of deportation" (Roman, 160 AD3d at 1492; see Peque, 22 NY3d at 183). Nevertheless, we reject defendant's contention on the merits inasmuch as "nothing in the record contradicts the . . . information in the Department of Probation Presentence Investigation Report indicating that defendant was a United States citizen" (People v Brooks, 187 AD3d 931, 932 [2d Dept 2020], lv denied 36 NY3d 970 [2020]; see People v Rolling, 186 AD3d 1264, 1265 [2d Dept 2020], lv denied 36 NY3d 931 [2020]; People v Tull, 159 AD3d 1387, 1387-1388 [4th Dept 2018]; see generally Peque, 22 NY3d at 176).
Defendant further contends that the court erred in calculating the expiration date of the order of protection issued against him. Defendant's contention regarding the order of protection also would survive a valid waiver of the right to appeal (see People v Austin, 199 AD3d 1383, 1384 [4th Dept 2021], lv denied 37 NY3d 1159 [2022]), but that contention is unpreserved (see id.; People v Tidd, 81 AD3d 1405, 1406 [4th Dept 2011]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant additionally contends that his sentence is unduly harsh and severe and constitutes cruel and unusual punishment. With regard to defendant's contention that his sentence constitutes cruel and unusual punishment, even assuming, arguendo, that the waiver of the right to appeal is invalid and therefore does not foreclose our review of that contention (cf. People v Warner, 167 AD3d 1492, 1493 [4th Dept 2018], lv denied 33 NY3d 955 [2019]; People v Marshall, 144 AD3d 1544, 1545 [4th Dept 2016]), defendant failed to preserve his contention for our review (see People v Thompson, 206 AD3d 1708, 1710 [4th Dept 2022], lv denied 38 NY3d 1153 [2022], citing People v Pena, 28 NY3d 727, 730 [2017]; People v Pruitt, 169 AD3d [*2]1367, 1368 [4th Dept 2019]). We decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Finally, assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of his challenge to the severity of the sentence (see People v Congdon, 204 AD3d 1516, 1517 [4th Dept 2022], lv denied 38 NY3d 1070 [2022]; People v Love, 181 AD3d 1193, 1193 [4th Dept 2020]), we conclude that the sentence is not unduly harsh or severe.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court