People v Penfold (2024 NY Slip Op 03996)

People v Penfold

2024 NY Slip Op 03996

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, KEANE, AND HANNAH, JJ.

485 KA 23-01005

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WYATT S. PENFOLD, DEFENDANT-APPELLANT. 

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
VINCENT A. HEMMING, ACTING DISTRICT ATTORNEY, WARSAW, FOR RESPONDENT. 

 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered April 21, 2022. The judgment convicted defendant upon a guilty plea of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his guilty plea of assault in the second degree (Penal Law § 120.05 [3]), defendant contends that he was deprived of effective assistance of counsel because his attorney failed to file any motions, failed to request a hearing pursuant to People v Outley (80 NY2d 702 [1993]), and failed to move to withdraw his plea when it became apparent that County Court would impose an enhanced sentence. We reject defendant's contention. An attorney is not ineffective for failing to file motions that have " 'little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]; see People v Zona, 225 AD3d 1296, 1297-1298 [4th Dept 2024]), and defendant has not identified any motions that he believes would have been meritorious if filed on his behalf. With respect to defendant's remaining complaints about defense counsel's performance, we note that defendant stated on the record at sentencing that he did not wish to have an Outley hearing, which the court offered to conduct, and defense counsel stated, without contradiction by defendant, that defendant did not wish to withdraw his plea. Considering that defense counsel negotiated a seemingly favorable plea agreement, which involved the dismissal of two unrelated felony charges, we conclude, after viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, that defendant was afforded meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, defendant's challenge to the severity of his enhanced sentence is precluded by his valid waiver of the right to appeal (see People v May, 169 AD3d 1365, 1365 [4th Dept 2019]; see generally People v Garcia, 155 AD3d 1570, 1571 [4th Dept 2017], lv denied 31 NY3d 983 [2018]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court