People v McCants (2025 NY Slip Op 03433)

People v Mccants

2025 NY Slip Op 03433

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

255 KA 21-01122

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDRE T. MCCANTS, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AERON SCHWALLIE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered January 29, 2021. The judgment convicted defendant, upon a jury verdict as modified by County Court on defendant's motion pursuant to CPL 330.30 (1), of criminal contempt in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict as modified by County Court on defendant's motion pursuant to CPL 330.30 (1), of criminal contempt in the second degree (Penal Law § 215.50 [3]). The prosecution arose from allegations that defendant, in violation of a stay-away order of protection in favor of his former girlfriend, broke into the former girlfriend's residence and subjected her to physical contact. We affirm.
Preliminarily, we note that defendant's notice of appeal does not correctly identify the date on which the judgment was rendered. Nevertheless, inasmuch as the notice of appeal is otherwise accurate, we exercise our discretion, in the interest of justice, and treat the notice of appeal as valid (see CPL 460.10 [6]; People v Austin, 199 AD3d 1383, 1384 [4th Dept 2021], lv denied 37 NY3d 1159 [2022]; People v Mitchell, 93 AD3d 1173, 1173 [4th Dept 2012], lv denied 19 NY3d 999 [2012]).
Defendant contends that the court erred by imposing an inadequate sanction pursuant to CPL 245.80 (1) (a) for the People's belated disclosure of body-worn camera (BWC) footage that showed a police officer serving the order of protection on defendant approximately one week prior to the subject incident. Initially, we note that the Court of Appeals has left open the question whether the disclosure requirements of CPL article 245 apply to cases that, like this case, were commenced before the effective date of the new discovery rules (see People v King, 42 NY3d 424, 428 n 2 [2024]). We likewise have no occasion to address that issue inasmuch as the People did not dispute the court's application of CPL article 245 following the effective date thereof and do not contest that application on appeal (see People v Graham, 233 AD3d 1361, 1365 [3d Dept 2024], lv denied 43 NY3d 944 [2025]). With respect to the merits, we conclude that the court did not abuse its discretion in fashioning an appropriate remedy by excluding the BWC footage and precluding any reference thereto (see CPL 245.80 [2]; People v Bookman, 224 AD3d 1269, 1270 [4th Dept 2024]; see generally People v Jenkins, 98 NY2d 280, 284 [2002]).
We reject defendant's further contention that the court erred in giving a jury instruction on consciousness of guilt. We conclude that the court "properly delivered a consciousness of guilt charge concerning defendant's statement, made [in the presence of] the arresting officer," suggesting that he knew he had an order of protection against him, and we note that "any ambiguity [in the statement] was for the jury to consider" (People v Smith, 8 AD3d 113, 113 [1st Dept 2004], lv denied 3 NY3d 712 [2004]; see generally People v Yazum, 13 NY2d 302, 304-[*2]305 [1963], rearg denied 15 NY2d 679 [1964]). We also note that the instruction given by the court was consistent with the instruction set forth in the Criminal Jury Instructions (see People v Taylor, 140 AD3d 1738, 1739-1740 [4th Dept 2016]).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court