People v Velasquez (2025 NY Slip Op 06627)

People v Velasquez

2025 NY Slip Op 06627

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
SUSAN QUIRK, JJ.

2019-00931
 (Ind. No. 751/18)

[*1]The People of the State of New York, respondent,
v
Joshua Velasquez, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Rosalind Gray and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered December 19, 2018, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In August 2017, the defendant, acting in concert with others, forcibly stole property from the complainant at a gas station while displaying a firearm. The defendant entered a plea of guilty to one count of robbery in the first degree in exchange for a promise of a sentence of a determinate term of imprisonment of 15 years with a 5 year period of postrelease supervision.
The defendant contends that his plea of guilty was involuntary because the County Court did not advise him of the possible immigration consequences of his plea (see generally People v Peque, 22 NY3d 168). Under the circumstances of this case, where nothing in the record contradicts the defendant's statement made under oath, at the plea proceeding, that he was a citizen of the United States, or the information in the presentence investigation report that was prepared by the Department of Probation indicating that the defendant was born in the United States, we reject the defendant's contention (see People v Brooks, 187 AD3d 931, 932; People v Williams, 178 AD3d 1095).
The record demonstrates that the defendant knowingly, willingly, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 254). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see id. at 255-256).
DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court