OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The day after denial of his motion to suppress physical evidence, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]). As a condition to the People’s agreement to the plea and the court’s acceptance of it, and in exchange for a promised sentence of four to eight years imprisonment, defendant waived his right to appeal the conviction and sentence. He allocuted accordingly at his plea before the court. Nevertheless, defendant appealed, challenging the denial of suppression of evidence. Declining to address the merits of defendant’s as
 
 *833
 
 sertions, a unanimous Appellate Division affirmed, holding that defendant’s waiver of his right to appeal encompassed his effort to have the suppression ruling reviewed.
 

 At issue is whether a defendant’s general waiver of the right to appeal, as part of a negotiated plea agreement, encompasses an attempted appeal concerning an adverse suppression ruling, notwithstanding the statutory provision authorizing an appeal of such ruling following entry of a guilty plea (CPL 710.70 [2]). We hold that, in this case, defendant’s waiver of his right to appeal encompassed the suppression ruling.
 

 A defendant may waive the right to appeal as part of a bargained-for plea agreement
 
 (see, People v Hidalgo,
 
 91 NY2d 733;
 
 People v Muniz,
 
 91 NY2d 570). “[W]here the plea allocution demonstrates a knowing, voluntary and intelligent waiver of the right to appeal, intended comprehensively to cover all aspects of the case, and no constitutional or statutory mandate or public policy concern prohibits its acceptance, the waiver will be upheld completely”
 
 (People v Muniz,
 
 91 NY2d,
 
 supra,
 
 at 575). Moreover, “trial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea in which defendant waives a plethora of rights”
 
 (People v Moissett,
 
 76 NY2d 909, 910-911).
 

 In
 
 People v Williams
 
 (36 NY2d 829,
 
 cert denied
 
 423 US 873), this Court upheld, as a bargained-for condition to a guilty plea, defendant’s waiver of his right to appeal from the denial of suppression. There, after finding the defendant’s guilty plea and waiver to have been knowingly and voluntarily made, we rejected the argument that, “as a matter of law under CPL 710.70 (subd 2) there can be no waiver of a defendant’s right to appeal from a preconviction denial of a motion for suppression”
 
 (id.,
 
 at 830). Defendant proposes to distinguish
 
 Williams
 
 on the ground that the defendant there was specifically told by the prosecutor that his waiver would include “his right to appeal on the suppression issue”
 
 (id.).
 
 While the specificity of
 
 Williams
 
 is the better practice, no “particular litany” is required by the trial court to encompass the suppression ruling
 
 (People v Moissett,
 
 76 NY2d,
 
 supra,
 
 at 910). To the extent that
 
 People v Bray
 
 (154 AD2d 692,
 
 Iv denied
 
 75 NY2d 767) holds otherwise, it should not be followed.
 

 Here, defendant pleaded guilty one day after denial of his suppression motion. His plea and waiver of his right to appeal were knowingly, voluntarily and intelligently made, with the advice of counsel, and the waiver was manifestly intended to cover all aspects of the case.
 

 
 *834
 
 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed in a memorandum.