■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL DIAZ, Appellant. [722 NYS2d 871] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered November 24, 1999, convicting defendant, upon his plea of guilty, of criminal contempt in the first degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

After affording defendant sufficient opportunity to elaborate on his conclusory claim of innocence, the court properly exercised its discretion in denying his motion to withdraw his guilty plea (*see*, *People v Frederick*, 45 NY2d 520). The record reveals that the plea was made knowingly, intelligently, and voluntarily.

Defense counsel's statement, in response to an inquiry made by the court after it had already imposed sentence, that counsel knew of no basis for making a motion to withdraw the plea, did not render counsel ineffective or create a conflict of interest. Rather, in light of the circumstance that the defendant himself offered no legal basis upon which to withdraw his plea, counsel was merely confirming that he had no information to support defendant's conclusory statements. Moreover, counsel's statement could not have influenced the court's decision to deny defendant's plea withdrawal motion since that decision had already been made (*People v Rodriguez*, 189 AD2d 684, *lv denied* 81 NY2d 892). Concur—Mazzarelli, J. P., Andrias, Saxe, Buckley and Friedman, JJ.