■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DEJESUS, Appellant. [748 NYS2d 660] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered July 24, 2001, convicting him of attempted murder in the second degree, upon his plea of guilty, and summarily convicting him of criminal contempt in the second degree, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal contempt in the second degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, his valid and unrestricted waiver of his right to appeal forecloses appellate review of his claim that the agreed-upon sentence imposed upon his

plea of guilty to the charge of attempted murder in the second degree was excessive (*see People v Kemp,* 94 NY2d 831; *People v Hidalgo,* 91 NY2d 733; *People v Headley,* 289 AD2d 341).

The Supreme Court erred, however, in summarily convicting the defendant of criminal contempt in the second degree pursuant to Penal Law § 215.50 and imposing an additional 30-day sentence to run consecutively to the sentence imposed on the conviction of attempted murder in the second degree. Criminal contempt in the second degree under the Penal Law may not be prosecuted in the absence of an accusatory instrument (*cf. People v Leone,* 44 NY2d 315, 317; Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 215.50, at 430). Since the Supreme Court summarily held the defendant in criminal contempt based upon behavior which occurred during the sentencing hearing, no accusatory instrument was filed. Accordingly, the conviction of criminal contempt in the second degree and the sentence imposed thereon must be vacated. Altman, J.P., S. Miller, McGinity, Schmidt and Rivera, JJ., concur.