■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY LIGHTFOOT, Appellant. [759 NYS2d 871] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered April 6, 2001, convicting defendant, upon his plea of guilty, of murder in the first degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant received effective assistance of counsel in connection with his motion to withdraw his guilty plea. This motion was both facially meritless and negated by defendant's plea allocution. When the substitute attorney appointed for the purpose of representing defendant in connection with his plea withdrawal motion candidly informed the court that, based upon his review of all the materials and the plea minutes, there was no good faith basis upon which to make such a motion, he was not ineffective (*see People v Robinson*, 297 AD2d 557 [2002]; *People v Diaz*, 282 AD2d 272 [2001], *lv denied* 96 NY2d 917 [2001]; *cf. Jones v Barnes*, 463 US 745 [1983]). In any event, the record is clear that the court found the motion to be meritless prior to, and independently of, counsel's concession. We also conclude that counsel did not betray his client's confidences when he mentioned statements made by defendant to him, since defendant made these same claims in open court both before and after counsel's statement.

Defendant knowingly and voluntarily waived his right to appeal the terms of his sentence (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Hidalgo*, 91 NY2d 733 [1998]). Accordingly, discretionary review of that sentence is foreclosed. In any event, were we to find that defendant had not made a valid waiver, we would perceive no basis for reducing the sentence. Concur—Andrias, J.P., Saxe, Sullivan and Ellerin, JJ.