■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARELL SEARS, Appellant. [870 NYS2d 16]—

The record establishes that defendant made a valid general waiver of his right to appeal that encompassed his suppression claims (*see People v Kemp*, 94 NY2d 831 [1999]). Defendant signed a written waiver in which he agreed to waive appellate review of all possible issues, except for a list of four constitutional issues corresponding to the issues deemed nonwaivable in *People v Seaberg* (74 NY2d 1 [1989]). At the plea proceeding, defense counsel informed the court that he had explained the written waiver to his client, and defendant acknowledged that he understood it. Under these circumstances, we conclude that

the insertion of language in the document highlighting the fact that the waiver would include any excessive sentence claim did not create any ambiguity as to whether the waiver also included suppression claims. Concur—Friedman, J.P., Sweeny, McGuire, Renwick and Freedman, JJ.