■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK RANCE, Appellant. [995 NYS2d 680]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Foley J.), rendered July 11, 2012, as amended on July 17, 2012, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

Contrary to the defendant's contention, he knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Lopez*, 6 NY3d 248 [2006]; *People v Corbin*, 121 AD3d 803 [2014]; *People v Bennett*, 102 AD3d 881 [2013]). Accordingly, the defendant's valid waiver of his right to appeal precludes appellate review of his contention that the hearing court erred in denying suppression (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Corbin*, 121 AD3d 803 [2014]). Skelos, J.P., Dickerson, Chambers and Sgroi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL RUIZ, Appellant. [995 NYS2d 681]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Chun, J.), imposed August 20, 2013, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

Contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Rivera, Austin, Cohen and Barros, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLANDO SANTANA, Appellant. [995 NYS2d 682]—Appeal by the defendant, as limited by his motion, from three sentences of the Supreme Court, Queens County (Chin-Brandt, J.), all imposed March 6, 2013, on the ground that the sentences were excessive.

Ordered that the sentences are affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257 [2011]; *People v Lopez*, 6 NY3d 248 [2006]; *People v Contreras*, 112 AD3d 649 [2013]), and, thus, does not preclude review of his excessive sentence claim. However, the sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Balkin, Dickerson and Hinds-Radix, JJ., concur.