■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW R. SMITH, Also Known as KASIIN ALI BEY, Appellant. [21 NYS3d 632]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 17, 2015 (*People v Smith*, 129 AD3d 997 [2015]), affirming a judgment of the Supreme Court, Suffolk County, rendered February 8, 2013.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Rivera, J.P., Cohen, Hinds-Radix and Barros, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY SUNDERLAND, Appellant. [21 NYS3d 639]—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Efman, J.), imposed December 18, 2013, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Santana*, 122 AD3d 949, 949 [2014]; *People v Lian Qiu*, 121 AD3d 918, 919 [2014]), and, thus, does not preclude review of his claim that his sentence is excessive. The sentence, however, is not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Chambers, Austin, Roman and LaSalle, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WASHINGTON, Appellant. [21 NYS3d 634]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated September 14, 1998 (*People v Washington*, 253 AD2d 777 [1998]), affirming a judgment of the Supreme Court, Kings County, rendered June 22, 1995.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Eng, P.J., Balkin, Austin and Cohen, JJ., concur.