## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  February 25, 2016                107020
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

            v                            MEMORANDUM AND ORDER

JOHN L. ZIPPO,
                    Appellant.
_____

Calendar Date:  January 6, 2016

Before:  McCarthy, J.P., Garry, Rose and Devine, JJ.

_____

        Paul J. Connolly, Delmar, for appellant, and appellant
pro se.

        Karen Heggen, District Attorney, Ballston Spa (Kristin
Foust of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Saratoga
County (Scarano, J.), rendered April 24, 2014, convicting
defendant upon his plea of guilty of the crime of attempted
robbery in the first degree.

        Defendant was charged by indictment with one count each of
robbery in the first degree, criminal possession of a weapon in
the fourth degree and criminal possession of stolen property in
the fifth degree, all of which arose out of a robbery of two
victims at knifepoint.  Defendant's motion to suppress the
evidence was denied, and he then pleaded guilty to a reduced
count of attempted robbery in the first degree in satisfaction of
the indictment.  As a condition of the plea bargain, he agreed to

waive his right to appeal, both orally and in writing.  Before accepting defendant's waiver, County Court explained that his right to appeal was separate and distinct from those rights given up when a plea of guilty is entered.  In addition, defendant acknowledged that his counsel had explained the meaning of the appeal waiver to him.  Defendant was subsequently sentenced as a second felony offender in accordance with the plea agreement.

Defendant's sole challenge on appeal concerns County Court's decision denying his motion to suppress the evidence that led to his arrest.  However, his knowing, voluntary and intelligent waiver of his right to appeal precludes his challenge to the adverse suppression ruling (see People v Kemp, 94 NY2d 831, 833 [1999]; People v Stone, 105 AD3d 1094, 1095 [2013]; People v Colon, 101 AD3d 1161, 1161-1162 [2012], lv denied 21 NY3d 1003 [2013]).  While the better practice is for County Court to advise defendant at the time of the plea that his waiver included the right to appeal the suppression issue (see People v Kemp, 94 NY2d at 833), defendant signed a written waiver whereby he agreed to waive his right to appeal on several grounds, including "[t]he decision and order of [County] Court on any pre-trial motions made by the defendant."  Thus, defendant's appeal waiver was not qualified or limited in any way.  Further, defendant's counsel made it abundantly clear at the time of sentencing that defendant understood that his appeal waiver applied to County Court's suppression ruling.

McCarthy, J.P., Garry and Devine, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court