# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**665**

**KA 13-00155**

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

SARAH J. CUSHMAN, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered November 13, 2012. The judgment convicted defendant, upon her plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal Nos. 1 and 2, defendant appeals from judgments convicting her upon her respective pleas of guilty of robbery in the first degree (Penal Law § 160.15 [3]) and, in appeal No. 3, she appeals from a judgment convicting her upon her plea of guilty of burglary in the second degree (§ 140.25 [2]). All of the pleas were entered during one plea proceeding, following the denial of defendant's suppression motion concerning all of the charges. We conclude that defendant knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256). Supreme Court "thoroughly reviewed the consequences of the waiver with defendant, after which defendant indicated that [she] understood those consequences and orally waived [her] right to appeal" (*People v Abernathy*, 136 AD3d 1276, 1276, *lv denied* 27 NY3d 1127). Contrary to defendant's contention, the record establishes that the valid waiver of the right to appeal "was intended comprehensively to cover all aspects of the case" (*People v Burley*, 136 AD3d 1404, 1404, *lv denied* 27 NY3d 993 [internal quotation marks omitted]), and therefore encompasses defendant's challenge to the court's suppression ruling (*see People v Sanders*, 25 NY3d 337, 342; *People v Kemp*, 94 NY2d 831, 833). Contrary to defendant's further contention, the record also establishes that defendant waived both her right to appeal the conviction and the right to appeal the harshness of the sentence, and the valid waiver therefore forecloses defendant's challenge to the severity of the sentence (*see People v Martin*, 136 AD3d 1310, 1311, *lv*

*denied* 27 NY3d 1071; *cf. People v Maracle*, 19 NY3d 925, 928; *see generally Lopez*, 6 NY3d at 256).

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court