■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL GOODWIN, Also Known as DARYL GOODWIN, Appellant. [46 NYS3d 448]—Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered November 26, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that his waiver of the right to appeal was invalid. We reject that contention inasmuch as the record demonstrates that the waiver was knowingly, intelligently, and voluntarily entered (*see generally People v Sanders*, 25 NY3d 337, 341-342 [2015]). Contrary to defendant's contention, his "waiver [of the right to appeal] is not invalid on the ground that [Supreme Court] did not specifically inform [him] that his general waiver of the right to appeal encompassed the court's suppression rulings" (*People v Brand*, 112 AD3d 1320, 1321 [2013], *lv denied* 23 NY3d 961 [2014] [internal quotation marks omitted]). Thus, defendant's valid waiver of the right to appeal encompasses his contention that the court erred in denying his suppression motion (*see Sanders*, 25 NY3d at 342). Present—Whalen, P.J., Smith, DeJoseph, Curran and Scudder, JJ.