■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE JOHNSON, Appellant. [60 NYS3d 580]—

Rose, J. Appeal from a judgment of the Supreme Court (Breslin, J.), rendered August 28, 2013 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the second degree.

Following the execution of a search warrant at defendant's apartment, he was charged by indictment with criminal possession of marihuana in the second degree and two counts of criminal possession of a weapon in the fourth degree. Following a pretrial hearing, Supreme Court concluded that probable cause was presented to support the issuance of the search warrant and denied defendant's motion to suppress the evidence obtained as a result of its execution. Defendant then pleaded guilty to criminal possession of marihuana in the second degree pursuant to a plea agreement that required that he waive his right to appeal, and he signed a written waiver of appeal. In accordance with the agreement, the court imposed a prison

term of two years with one year of postrelease supervision, to be served consecutively to another, recently imposed sentence. Defendant now appeals.

Defendant's sole challenge on appeal is to Supreme Court's denial of his motion to suppress, which he argues survives his waiver of appeal. However, defendant's general, unqualified appeal waiver precludes his challenge to the adverse suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Zippo*, 136 AD3d 1222, 1222 [2016], *lv denied* 27 NY3d 1141 [2016]; *People v Simmons*, 129 AD3d 1200, 1201 [2015], *lv denied* 27 NY3d 1075 [2016]). Contrary to defendant's contention, the waiver of appeal did not need to specify that it encompassed the right to appeal suppression rulings, although this specificity has been recognized as the "better practice," as no particular litany is required and a general, comprehensive waiver of appeal is sufficient for this purpose (*People v Kemp*, 94 NY2d at 833; *accord People v Zippo*, 136 AD3d at 1222; *see People v Sanders*, 25 NY3d 337, 342 [2015]). Further, the record reflects that an appeal waiver was a condition of the plea agreement, the court explained its separate and distinct nature and defendant indicated that he understood and agreed to it. After reviewing the waiver with counsel, defendant then signed a written waiver in open court, which explained that he ordinarily retained the right to appeal and adequately reinforced the consequences of relinquishing that right. Accordingly, as defendant's combined oral and written waiver of appeal was knowing, voluntary and intelligent (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Mahon*, 148 AD3d 1303, 1303 [2017]; *People v Taylor*, 144 AD3d 1317, 1318 [2016], *lv denied* 28 NY3d 1151 [2017]), this claim is foreclosed.

Peters, P.J., Garry, Egan Jr. and Mulvey, JJ., concur. Ordered that the judgment is affirmed.