■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATROY D. SAMPSON, Appellant. [65 NYS3d 844]—

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered January 30, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant's valid, general waiver of his right to appeal forecloses his challenge to County Court's suppression ruling (*see People v Sanders,* 25 NY3d 337, 342 [2015]). Contrary to defendant's contention, his "waiver [of the right to appeal] is not invalid on the ground that the court did not specifically inform [him] that his general waiver of the right to appeal encompassed the court's suppression ruling[ ]" (*People v Brand,* 112 AD3d 1320, 1321 [4th Dept 2013], *lv denied* 23 NY3d 961 [2014] [internal quotation marks omitted]; *see People v Goodwin,* 147 AD3d 1352, 1352 [4th Dept 2017], *lv denied* 29 NY3d 1032 [2017]). Contrary to defendant's further contention, his " 'monosyllabic affirmative responses to questioning by [the court] do not render his [waiver of the right to appeal] unknowing and involuntary' " (*People v Harris,* 94 AD3d 1484, 1485 [4th Dept 2012], *lv denied* 19 NY3d 961 [2012]; *see People v Hand,* 147 AD3d 1326, 1326-1327 [4th Dept 2017], *lv denied* 29 NY3d 998 [2017]). Finally, there is no authority supporting defendant's assertion that a waiver of the right to appeal tendered in connection with a plea to the top count of an indictment should be automatically subjected to "higher scrutiny" on appeal. Present—Smith, J.P., Carni, DeJoseph, NeMoyer and Curran, JJ.