People v Wright (2018 NY Slip Op 00661)





People v Wright


2018 NY Slip Op 00661


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


54 KA 16-00214

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT D. WRIGHT, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered November 23, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted burglary in the first degree (Penal Law §§ 110.00, 140.30 [4]), defendant contends that his waiver of the right to appeal is invalid. We reject that contention. To the contrary, we conclude that "the plea colloquy here was sufficient because the right to appeal was adequately described without lumping it into the panoply of rights normally forfeited upon a guilty plea" (People v Sanders, 25 NY3d 337, 341 [2015]). Furthermore, the record establishes that defendant's "plea and waiver of his right to appeal were knowingly, voluntarily and intelligently made, with the advice of counsel, and the waiver was manifestly intended to cover all aspects of the case" (People v Kemp, 94 NY2d 831, 833 [1999]). Consequently, defendant's valid waiver of the right to appeal encompasses his contention that County Court should have suppressed certain evidence (see People v Goodwin, 147 AD3d 1352, 1352 [4th Dept 2017], lv denied 29 NY3d 1032 [2017]; see generally Kemp, 94 NY2d at 833), as well as his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court