People v Joubert (2018 NY Slip Op 01004)





People v Joubert


2018 NY Slip Op 01004


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CARNI, NEMOYER, AND CURRAN, JJ.


200 KA 15-00424

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSE L. JOUBERT, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (JOSEPH R. PLUKAS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered December 9, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, the waiver of the right to appeal was knowingly, intelligently, and voluntarily entered (see People v Goodwin, 147 AD3d 1352, 1352 [4th Dept 2017], lv denied 29 NY3d 1032 [2017]; see generally People v Sanders, 25 NY3d 337, 340-341 [2015]). County Court ensured that defendant understood that "the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Brand, 112 AD3d 1320, 1321 [4th Dept 2013], lv denied 23 NY3d 961 [2014]). Contrary to defendant's contention, the court was not required to advise defendant that the waiver of the right to appeal encompassed the court's suppression ruling (see Brand, 112 AD3d at 1321; see generally People v Kemp, 94 NY2d 831, 833 [1999]), and his challenge to the adverse suppression ruling is foreclosed by the valid waiver of the right to appeal (see Kemp, 94 NY2d at 833; People v Carter, 147 AD3d 1540, 1540 [4th Dept 2017], lv denied 29 NY3d 1030 [2017]). We agree with defendant, however, that the waiver of the right to appeal does not encompass his challenge to the severity of the sentence. Although "it is evident that defendant waived [his] right to appeal [his] conviction, there is no indication in the record that defendant waived the right to appeal the harshness of [his] sentence" (People v Maracle, 19 NY3d 925, 928 [2012]; see People v Gang, 145 AD3d 1566, 1566-1567 [4th Dept 2016], lv denied 29 NY3d 997 [2017]). Nevertheless, we reject defendant's contention that his sentence is unduly harsh and severe.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court