People v Saunders (2018 NY Slip Op 04390)





People v Saunders


2018 NY Slip Op 04390


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

107721

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
TROY M. SAUNDERS, Appellant.

Calendar Date: May 3, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Pritzker, JJ.


Stephen W. Herrick, Public Defender, Albany (Jessica M. Gorman of counsel), for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered April 15, 2015, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
After a traffic stop, police found 21 bags of cocaine in defendant's pants. Based on this encounter, he was charged in a seven-count indictment. County Court denied defendant's suppression hearing. Thereafter, defendant pleaded guilty to a reduced charge of attempted criminal possession of a controlled substance in the third degree in satisfaction of the indictment and waived his right to appeal, in exchange for a sentence of 4½ years in prison, plus three years of postrelease supervision.
The court imposed the agreed-upon sentence. Defendant appeals.
Defendant validly waived his right to appeal. County Court made clear that the right to appeal is separate and distinct from the trial rights that are automatically forfeited by a guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Peterkin, 156 AD3d 962, 963 [2017]). "A defendant may waive the right to appeal," including the issue of an adverse suppression ruling, "as part of a bargained-for plea agreement" (People v Kemp, 94 NY2d 831, 833 [1999]), "notwithstanding the statutory provision allowing an appeal of such ruling following entry of a guilty plea" (id., citing CPL 710.20 [2]). The court is not required to specifically list each possible argument that will be precluded by the appeal waiver — which is generally intended to [*2]comprehensively cover all aspects of a case — as long as the waiver itself is knowing, voluntary and intelligent (see People v Kemp, 94 NY2d at 833; People v Muniz, 91 NY2d 570, 575 [1998]).
County Court explained that, although defendant would ordinarily retain the right to appeal, the plea required him to waive his right to appeal both the conviction and sentence. The court also received assurances from both defendant and counsel that they reviewed and discussed the waiver of appeal and that defendant understood and agreed to it. While it may be the better practice for courts that have issued adverse suppression rulings to advise defendants that the waiver includes the right to appeal the suppression issue, the valid appeal waiver here precludes defendant's challenge to the denial of his suppression motion (see People v Sanders, 25 NY3d 337, 341-342 [2015]; People v Kemp, 94 NY2d at 833; People v Zippo, 136 AD3d 1222, 1222 [2016], lv denied 27 NY3d 1141 [2016]). The valid appeal waiver also precludes any challenge to the severity of the sentence (see People v Dobbs, 157 AD3d 1122, 1123 [2018], lv denied 31 NY3d 983 [2018]; People v Simmons, 129 AD3d 1200, 1201 [2015], lv denied 27 NY3d 1075 [2016]).
Devine, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.