People v Tacuri (2018 NY Slip Op 05063)





People v Tacuri


2018 NY Slip Op 05063


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2014-05786
 (Ind. No. 4997/12)

[*1]The People of the State of New York, respondent,
v
Juan Tacuri, appellant.


Paul Skip Laisure, New York, NY (William Kastin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Rhea A. Grob of counsel; Masha Simonova on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered May 8, 2014, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
A waiver of the right to appeal is effective only if it was made knowingly, intelligently, and voluntarily (see People v Bradshaw, 18 NY3d 257, 264). A trial court must review the waiver and determine whether it meets those requirements by considering all of the relevant facts and circumstances surrounding the waiver, including the nature and terms of the agreement and the age, experience, and background of the accused (see People v Sanders, 25 NY3d 337, 340). The trial court must also ensure that the defendant's full appreciation of the consequences and understanding of the terms and conditions of the plea, including a waiver of the right to appeal, are apparent on the face of the record (see id. at 340). However, "a trial court need not engage in any particular litany when apprising a defendant pleading guilty of the individual rights abandoned" (People v Lopez, 6 NY3d 248, 256; see People v Sanders, 25 NY3d at 341).
Although the Supreme Court initially combined some of its discussion of the right to appeal into its explanation of the panoply of rights normally forfeited upon a plea of guilty (cf. People v Bryant, 28 NY3d 1094; People v Sanders, 25 NY3d at 341), the court, in effect, corrected its error by later describing the right to appeal separately from those other rights being forfeited. The court explained to the defendant, among other things, that the People required him to waive his right to appeal the conviction and sentence as a condition of the plea agreement. Moreover, the court paused the proceedings to allow the defendant to consult with his attorney about the written waiver of the right to appeal. After that break, the defendant confirmed that he consulted with his attorney and that he understood and signed the written waiver of the right to appeal. In view of the whole colloquy, and considering the defendant's age and past experience in the criminal justice system, the defendant validly waived his right to appeal (see People v Sanders, 25 NY3d at 341-342).
A valid waiver of the right to appeal precludes appellate review of the hearing court's denial of that branch of the defendant's omnibus motion which was to suppress testimony of a [*2]showup identification (see id. at 342; People v Kemp, 94 NY2d 831; People v Burke, 25 AD3d 722).
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court