People v Daniels (2018 NY Slip Op 08382)





People v Daniels


2018 NY Slip Op 08382


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

109431

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ROBERT J. DANIELS, Appellant.

Calendar Date: October 26, 2018

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered September 7, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.
A police officer ordered defendant and two other individuals to get out of a parked vehicle after noticing a plastic bag containing marihuana lying in plain view on the rear seat. Defendant complied and was then frisked by the officer, who discovered a switchblade in defendant's front pocket. As a result, defendant was charged in an indictment with criminal possession of a weapon in the third degree. Following a Huntley/Mapp hearing, defendant's motion to suppress certain statements that he made to the police and physical evidence seized during the search was denied. He subsequently pleaded guilty to criminal possession of a weapon in the third degree and waived his right to appeal, both orally and in writing. In accordance with the terms of the plea agreement, he was sentenced to 1 to 3 years in prison, to run concurrently with a previously imposed federal sentence. Defendant appeals.
Initially, defendant's claim that his guilty plea was not knowing, voluntary and intelligent has not been preserved for our review as the record does not disclose that he made an appropriate postallocution motion (see People v Norton, 164 AD3d 1502, 1503 [2018]; People v Williams, 163 AD3d 1172, 1173 [2018], lv denied 32 NY3d 1009 [2018]). Moreover, the narrow exception to the preservation rule is inapplicable as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or called into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Lamb, 162 AD3d 1395, 1396 [2018]). Insofar as defendant seeks to challenge the validity of the suppression ruling, he is precluded from doing so by his knowing, voluntary and intelligent waiver of the right to appeal, which specifically encompassed adverse rulings made on pretrial motions (see People v Sanders, 25 NY3d 337, 342 [2015]; People v Zippo, 136 AD3d 1222, 1222 [2016], lv denied 27 NY3d 1141 [2016]). Defendant's valid appeal waiver forecloses not only his challenge to the suppression ruling, but also his challenge to the severity of the sentence [*2](see People v Williams, 163 AD3d at 1173; People v Dobbs, 157 AD3d 1122, 1123 [2018], lv denied 31 NY3d 983 [2018]).
Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.