People v Feurtado (2019 NY Slip Op 03844)





People v Feurtado


2019 NY Slip Op 03844


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

109340

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DESMOND FEURTADO, Appellant.

Calendar Date: March 26, 2019

Before: Garry, P.J., Lynch, Clark, Mulvey and Rumsey, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered March 22, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.
Defendant was charged by indictment with criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree after police discovered him in possession of cocaine during a traffic stop. Following a hearing, County Court denied defendant's suppression motion. Defendant subsequently pleaded guilty to criminal possession of a controlled substance in the fourth degree in satisfaction of the indictment and waived his right to appeal. Consistent with the plea agreement, the court sentenced defendant to three years in prison, followed by 1½ years of postrelease supervision, together with an order directing his enrollment in a shock incarceration program. Defendant appeals.
Defendant validly waived his right to appeal the issues he now raises. "Contrary to defendant's contention, the waiver of appeal did not need to specify that it encompassed the right to appeal suppression rulings, although this specificity has been recognized as the 'better practice,' as no particular litany is required and a general, comprehensive waiver of appeal is sufficient for this purpose. Further, the record reflects that an appeal waiver was a condition of the plea agreement, [County C]ourt explained its separate and distinct nature and defendant indicated that he understood and agreed to it" (People v Johnson, 153 AD3d 1031, 1032 [2017] [internal citations omitted], lv denied 30 NY3d 980 [2017], quoting People v Kemp, 94 NY2d 831, 833 [1999]; see People v Zippo, 136 AD3d 1222, 1222 [2016], lv denied 27 NY3d 1141 [2016]). The court also confirmed that defendant, after discussion with counsel, understood and signed a written document specifying that he waived various grounds for appeal including, among other things, any court decisions regarding any defense motions. Thus, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v [*2]Adams, 165 AD3d 1343, 1344 [2018]). The valid appeal waiver precludes defendant's arguments challenging the denial of his suppression motion (see People v Sanders, 25 NY3d 337, 342 [2015]; People v Johnson, 153 AD3d at 1032; People v Tetreault, 152 AD3d 1081, 1082 [2017], lv denied 30 NY3d 984 [2017]) and the alleged excessiveness of the sentence (see People v Patterson, 164 AD3d 1568, 1569 [2018]).
Garry, P.J., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.