People v Thomas (2019 NY Slip Op 09215)





People v Thomas


2019 NY Slip Op 09215


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1268 KA 18-00446

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAEKWON THOMAS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered December 4, 2017. The judgment convicted defendant upon a plea of guilty of robbery in the first degree (three counts), robbery in the second degree, and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of, inter alia, robbery in the first degree (Penal Law § 160.15 [3]). Contrary to defendant's contention, " the waiver of the right to appeal was not rendered invalid based on [County Court's] failure to require [him] to articulate the waiver in his own words' " (People v Scheifla, 166 AD3d 1531, 1532 [4th Dept 2018], lv denied 32 NY3d 1177 [2019]; see People v Bridges, 144 AD3d 1582, 1582-1583 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]). Moreover, the lack of a written waiver "is of no moment where, as here, the oral waiver was adequate" (People v Smith, 164 AD3d 1621, 1621 [4th Dept 2018], lv denied 32 NY3d 1177 [2019]). Contrary to defendant's further contention, his valid waiver of the right to appeal encompasses his challenges to the suppression ruling (see People v Kemp, 94 NY2d 831, 833 [1999]; People v Wright, 158 AD3d 1068, 1069 [4th Dept 2018], lv denied 31 NY3d 1019 [2018]), and to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]; Scheifla, 166 AD3d at 1532).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court