People v Gray (2020 NY Slip Op 02003)





People v Gray


2020 NY Slip Op 02003


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


305 KA 15-00983

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIE GRAY, ALSO KNOWN AS WILLIE L. GRAY, DEFENDANT-APPELLANT.






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered March 6, 2015. The judgment convicted defendant, upon a plea of guilty, of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law
§ 160.15 [4]). We affirm. County Court's oral colloquy, together with " all the relevant facts and circumstances surrounding the waiver, including the nature and terms of the agreement and the age, experience and background of the accused,' " reveal that defendant's waiver of the right to appeal was knowingly, intelligently, and voluntarily entered (People v Thomas, — NY3d &mdash, &mdash, 2019 NY Slip Op 08545, *4 [2019], quoting People v Seaberg, 74 NY2d 1, 11 [1989]). Because defendant's waiver of the right to appeal was "manifestly intended" to cover all waivable aspects of the case, his challenge to the court's suppression ruling is precluded (People v Kemp, 94 NY2d 831, 833 [1999]; see People v Sampson, 156 AD3d 1484, 1484 [4th Dept 2017], lv denied 31 NY3d 1017 [2018]; People v Payne, 148 AD3d 1226, 1227 [3d Dept 2017], lv denied 29 NY3d 1084 [2017]). We note that the certificate of conviction incorrectly states that defendant was sentenced on March 6, 2025, and it must be amended to reflect the correct sentencing date of March 6, 2015 (see People v Curtis, 162 AD3d 1758, 1758 [4th Dept 2018], lv denied 32 NY3d 1003 [2018]).
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court