People v Hayes (2020 NY Slip Op 04038)





People v Hayes


2020 NY Slip Op 04038


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


567 KA 17-01719

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARKILO HAYES, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered April 28, 2017. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal Nos. 1 and 2, defendant appeals from two judgments entered in a single plea proceeding, each convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We note at the outset that we dismiss the appeal from the judgment in appeal No. 2 because defendant raises no contentions with respect thereto (see People v White, 173 AD3d 1852, 1852 [4th Dept 2019]; People v Scholz, 125 AD3d 1492, 1492 [4th Dept 2015], lv denied 25 NY3d 1077 [2015]).
With respect to appeal No. 1, defendant contends that his waiver of the right to appeal is invalid. We agree. "It is well settled that, for a waiver of the right to appeal to be valid, the plea minutes must establish that it was knowingly, voluntarily and intelligently entered" (People v Ware, 159 AD3d 1401, 1401 [4th Dept 2018], lv denied 31 NY3d 1122 [2018]), and the court "must make certain that a defendant's understanding of the terms and conditions of a plea agreement is evident on the face of the record" (People v Lopez, 6 NY3d 248, 256 [2006]). Here, we agree with defendant that Supreme Court failed to ensure that he understood the rights he was surrendering. The court's initial explanation of the waiver of appeal and the written waivers suggested that defendant's waiver was intended to cover all waivable aspects of the conviction arising from both the 2015 and 2016 indictments (see People v Kemp, 94 NY2d 831, 833 [1999]; see also People v Sampson, 156 AD3d 1484, 1484 [4th Dept 2017], lv denied 31 NY3d 1017 [2018]). The prosecutor appeared to narrow the scope of the waiver, however, by stating during the court's explanation that the waiver "includes the pretrial suppression issue, specifically on the 2016 case," addressed at a "hearing . . . involving a vehicle stop in the Bennett High School parking lot where the gun was recovered," which suggested that the waiver of appeal would not include the pretrial suppression issue on the 2015 case. The court's repetition of the prosecutor's statements perpetuated the confusion, and we reject the People's contention that the written waivers clarified the court's oral colloquy.
Nevertheless, defendant's contention in appeal No. 1 that he was "unlawfully arrested in his home without an arrest warrant in violation of Payton v New York (445 US 573 [1980]) is unpreserved for our review inasmuch as he failed to raise it before [the court]" (People v Britton, 113 AD3d 1101, 1101 [4th Dept 2014], lv denied 22 NY3d 1154 [2014]; see People v Smith, 55 NY2d 888, 890 [1982]). We note that defendant failed to make the threshold demonstration of standing inasmuch as he failed to allege a privacy interest in the residence where the arrest occurred (see generally People v Rodriguez, 69 NY2d 159, 161-163 [1987]).
Finally, to the extent defendant contends in appeal No. 1 that he was denied effective assistance of counsel because his attorney failed to move to suppress his statements on the ground that they were "made after the warrantless arrest at [defendant's] residence," that contention does not survive defendant's guilty plea because he failed to demonstrate that "the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance" (People v VanVleet, 140 AD3d 1633, 1633 [4th Dept 2016], lv denied 28 NY3d 938 [2016] [internal quotation marks omitted]; see People v Russell, 55 AD3d 1314, 1314 [4th Dept 2008], lv denied 11 NY3d 930 [2009]).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court