People v McClinton (2021 NY Slip Op 05090)





People v McClinton


2021 NY Slip Op 05090


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Acosta, P.J., Singh, Kennedy, Mendez, Higgitt, JJ. 


Ind No. 1294/17 1294/17 Appeal No. 14230 Case No. 2019-03906 

[*1]The People of the State of New York, Respondent,
v
Anthony McClinton, Defendant-Appellant.


Center for Appellate Litigation, New York (Robert S. Dean of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shera Knight of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Robert Neary, J. at suppression hearing; Lester B. Adler, J. at plea and sentencing), rendered May 22, 2019, convicting defendant of criminal possession of a firearm, and sentencing him, as a second felony offender, to a term of two to four years, unanimously modified, on the law, to the extent of amending the sentence and commitment sheet to reflect that defendant was sentenced as a second felony offender rather than a second violent felony offender, and otherwise affirmed.
Defendant's waiver of his right to appeal was knowing, intelligent, and voluntary. In the oral colloquy, to the extent some of the court's initial language may have suggested that the waiver may be an absolute bar to the taking of an appeal, that language "was coupled with clarifying language . . . that appellate review remained available for certain issues, . . . and indicating, therefore, that the right to take an appeal was retained" (People v Thomas, 34 NY3d 545, 564 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]). The waiver forecloses review of defendant's suppression and excessive sentence claims. The court was not required to warn defendant that he was waiving his right to challenge the suppression ruling in particular (see People v Kemp, 94 NY2d 831, 833 [1999]); in any event, this was specified in the written waiver that defendant signed in consultation with counsel. Defendant's policy argument regarding waiver of suppression issues is unavailing (see Thomas, 34 NY3d at 565).
Regardless of whether defendant validly waived his right to appeal, we find that his suppression motion and his motion to reopen the suppression hearing were properly denied, and we perceive no basis for reducing the sentence.
The People concede that the sentence and commitment sheet should be amended as indicated.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021