People v Miller (2021 NY Slip Op 06236)





People v Miller


2021 NY Slip Op 06236


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


747 KA 16-01978

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ARTIS L. MILLER, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered August 2, 2016. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In this prosecution arising from a domestic violence homicide, defendant appeals from a judgment convicting him, upon a jury verdict, of manslaughter in the first degree (Penal Law § 125.20 [1]). We affirm.
We reject defendant's contention that the search warrant for his cell phones was issued without probable cause. According "great deference to the issuing [Justice]" (People v Harper, 236 AD2d 822, 823 [4th Dept 1997], lv denied 89 NY2d 1094 [1997]), we conclude that Supreme Court properly determined that there was sufficient information in the warrant application to support a reasonable belief that evidence of a crime was on defendant's cell phones (see People v Conley, 192 AD3d 1616, 1617-1618 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]). Contrary to defendant's related contention, we conclude that the " '[m]inor discrepancies or misstatements [in the application] do not amount to egregious inaccuracies affecting [the] probable cause determination' " (People v Anderson, 149 AD3d 1407, 1408 [3d Dept 2017], lv denied 30 NY3d 947 [2017]) and that the "typographical error in the search warrant . . . does not invalidate the search" (People v Shetler, 256 AD2d 1234, 1234 [4th Dept 1998]; see generally Groh v Ramirez, 540 US 551, 558 [2004]).
Defendant further contends that the court erred in refusing to suppress his statements made during questioning by the police because the officer failed to adequately convey the Miranda warnings by downplaying defendant's rights. Defendant's contention is not preserved for our review, however, inasmuch as he failed to raise that specific contention in his motion papers or at the hearing (see People v Caballero, 23 AD3d 1031, 1032 [4th Dept 2005], lv denied 6 NY3d 846 [2006]). In any event, we conclude that defendant's contention lacks merit (see People v Mateo, 194 AD3d 1342, 1343-1344 [4th Dept 2021], lv denied 37 NY3d 994 [2021]; People v Bakerx, 114 AD3d 1244, 1247 [4th Dept 2014], lv denied 22 NY3d 1196 [2014]).
We reject defendant's contention that the court abused its discretion in allowing testimony about prior acts of domestic violence that defendant committed against the victim. We conclude that the testimony of the People's witnesses was "probative of intent, motive, and identity in this domestic violence homicide, and its probative value was not outweighed by its prejudicial impact" (People v Dixon, 171 AD3d 1470, 1471 [4th Dept 2019], lv denied 33 NY3d 1104 [2019]; see People v Dorm, 12 NY3d 16, 18-19 [2009]). We note that the court's limiting instructions minimized any prejudice to defendant (see Dorm, 12 NY3d at 19; People v Washington, 122 AD3d 1406, 1408 [4th Dept 2014], lv denied 25 NY3d 1173 [2015]).
Defendant contends that the court erred in failing to conduct an inquiry into whether a juror was asleep during the final portion of the videotaped questioning of defendant by the police that was played for the jury and in failing to discharge that juror. Defendant failed to preserve that contention for our review inasmuch as he did not request that the court conduct such an inquiry and did not move to discharge the juror (see People v Crumpler, 163 AD3d 1457, 1460 [4th Dept 2018], lv denied 32 NY3d 1003 [2018], reconsideration denied 32 NY3d 1125 [2018]). Indeed, we conclude on this record that defendant " 'demonstrated a willingness to continue to accept the juror as a trier of fact' and now 'cannot be heard to complain' " (id.). We decline to exercise our power to review defendant's unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that a different verdict would have been unreasonable and thus that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's contention that the court erred in ordering him to pay restitution without a hearing is not preserved for our review inasmuch as defendant "did not request a hearing to determine the [proper amount of restitution] or otherwise challenge the amount of the restitution order during the sentencing proceeding" (People v Horne, 97 NY2d 404, 414 n 3 [2002]; see People v Jones, 108 AD3d 1206, 1207 [4th Dept 2013], lv denied 22 NY3d 997 [2013]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Contrary to defendant's further contention, we conclude that the sentence is not unduly harsh or severe.
We have reviewed defendant's remaining contentions and conclude that they are unpreserved for our review (see CPL 470.05 [2]) and, in any event, are without merit.
Finally, we note that the certificate of conviction incorrectly states that defendant was sentenced on August 3, 2016, and it must be amended to reflect the correct sentencing date of August 2, 2016 (see People v Gray, 181 AD3d 1326, 1326 [4th Dept 2020], lv denied 35 NY3d 1027 [2020]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court