People v Kastenhuber (2020 NY Slip Op 00937)





People v Kastenhuber


2020 NY Slip Op 00937


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, BANNISTER, AND DEJOSEPH, JJ.


71 KA 17-00596

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KIRA KASTENHUBER, DEFENDANT-APPELLANT. 






EMILY P. TROTT, BUFFALO, FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, SPECIAL DISTRICT ATTORNEY, BATAVIA, AND NEW YORK PROSECUTORS TRAINING INSTITUTE, INC., ALBANY (KAREN FISHER MCGEE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered December 1, 2016. The judgment convicted defendant upon a plea of guilty of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of murder in the second degree (Penal Law
§ 125.25 [1]). We agree with the People that the record establishes that defendant validly waived her right to appeal. County Court engaged defendant in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Suttles, 107 AD3d 1467, 1468 [4th Dept 2013], lv denied 21 NY3d 1046 [2013] [internal quotation marks omitted]). In addition, defendant's oral waiver of the right to appeal was accompanied by a written waiver stating, inter alia, that her appellate rights were fully explained to her by the court and defense counsel (see People v Ramos, 7 NY3d 737, 738 [2006]). Defendant's valid waiver of the right to appeal forecloses her challenges to the court's suppression ruling (see People v Gibson, 147 AD3d 1507, 1508 [4th Dept 2017], lv denied 29 NY3d 1032 [2017]; People v Braxton, 129 AD3d 1674, 1675 [4th Dept 2015], lv denied 26 NY3d 965 [2015]).
Finally, defendant's contention that she was denied effective assistance of counsel "does not survive [her] guilty plea or [her] waiver of the right to appeal because there was no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [her] attorney['s] allegedly poor performance" (People v Ayala, 117 AD3d 1447, 1448 [4th Dept 2014], lv denied 23 NY3d 1033 [2014] [internal
quotation marks omitted]).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court