People v Johnson (2020 NY Slip Op 02576)





People v Johnson


2020 NY Slip Op 02576


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


426 KA 18-01369

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HOLIDAY JOHNSON, DEFENDANT-APPELLANT.






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered May 14, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We agree with the People that the record establishes that defendant validly waived his right to appeal. County Court engaged defendant in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Kastenhuber, 180 AD3d 1333, 1334 [4th Dept 2020] [internal quotation marks omitted]; see generally People v Thomas, — NY3d &mdash, &mdash, 2019 NY Slip Op 08545, *4-6 [2019]). Contrary to defendant's contention, the court was "not required to engage in any particular litany in order to obtain a valid waiver of the right to appeal . . . , and the waiver is not invalid on the ground that the court did not specifically inform defendant that his general waiver of the right to appeal encompassed the court's suppression ruling[]" (People v Babagana, 176 AD3d 1627, 1627 [4th Dept 2019], lv denied 34 NY3d 1075 [2019] [internal quotation marks omitted]). Moreover, we conclude that the court did not conflate defendant's waiver of the right to appeal with those rights automatically forfeited by a guilty plea (see generally People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Sallard, 175 AD3d 1839, 1839 [4th Dept 2019]).
Defendant's "valid waiver of the right to appeal forecloses [his] challenges to the court's suppression ruling" (Kastenhuber, 180 AD3d at 1334; see also People v Kemp, 94 NY2d 831, 833 [1999]). The valid waiver also "forecloses his challenge to the severity of the sentence" (People v Sanders, 180 AD3d 1327, 1328 [4th Dept 2020]). 
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court