People v Dozier (2021 NY Slip Op 00981)





People v Dozier


2021 NY Slip Op 00981


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


1217 KA 18-01855

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EDWARD DOZIER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIELLE E. PHILLIPS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered September 18, 2017. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), defendant contends that he was deprived of effective assistance of counsel, that he did not validly waive his right to appeal, and that County Court erred in refusing to suppress a handgun seized by the police. We affirm.
Contrary to defendant's contention, the court engaged defendant in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Kastenhuber, 180 AD3d 1333, 1334 [4th Dept 2020] [internal quotation marks omitted]; see generally People v Thomas, 34 NY3d 545, 559-560 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Moreover, we conclude that the court did not conflate defendant's waiver of the right to appeal with those rights automatically forfeited by a guilty plea (see generally People v Bradshaw, 18 NY3d 257, 264 [2011]). Contrary to defendant's further contention, the court was "not required to engage in any particular litany in order to obtain a valid waiver of the right to appeal . . . , and the waiver is not invalid on the ground that the court did not specifically inform defendant that his general waiver of the right to appeal encompassed the court's suppression ruling[]" (People v Babagana, 176 AD3d 1627, 1627 [4th Dept 2019], lv denied 34 NY3d 1075 [2019] [internal quotation marks omitted]; see People v Brand, 112 AD3d 1320, 1321 [4th Dept 2013], lv denied 23 NY3d 961 [2014]). Nevertheless, we reiterate that the better practice is for the court to use the Model Colloquy, "which 'neatly synthesizes . . . the governing principles' " (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020], quoting Thomas, 34 NY3d at 567; see NY Model Colloquies, Waiver of Right to Appeal).
Defendant's valid waiver of the right to appeal encompasses his contention that the court erred in refusing to suppress the physical evidence seized from him (see People v Goodwin, 147 AD3d 1352, 1352 [4th Dept 2017], lv denied 29 NY3d 1032 [2017]; Brand, 112 AD3d at 1321).
To the extent that defendant's claim that he was denied effective assistance of counsel at the suppression hearing survives his guilty plea and valid waiver of the right to appeal (see People v Wingfield, 181 AD3d 1253, 1253-1254 [4th Dept 2020], lv denied 35 NY3d 1050 [2020], reconsideration denied 35 NY3d 1098 [2020]; see generally People v Yates, 173 AD3d 1849, 1850 [4th Dept 2019]), we conclude that defendant received meaningful representation inasmuch as defense counsel obtained "an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Ford, 86 NY2d 397, 404 [1995]; see [*2]People v Corron, 180 AD3d 1330, 1331 [4th Dept 2020], lv denied 35 NY3d 1026 [2020]; People v Blarr [appeal No. 1], 149 AD3d 1606, 1606 [4th Dept 2017], lv denied 29 NY3d 1123 [2017]).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court