People v Brown (2024 NY Slip Op 03646)

People v Brown

2024 NY Slip Op 03646

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DELCONTE, KEANE, AND HANNAH, JJ.

444 KA 22-00422

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GRACE A. BROWN, DEFENDANT-APPELLANT.

NANCY J. BIZUB, WEST SENECA, FOR DEFENDANT-APPELLANT. 
VINCENT A. HEMMING, ACTING DISTRICT ATTORNEY, WARSAW, FOR RESPONDENT.

Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered March 17, 2022. The judgment convicted defendant, upon her plea of guilty, of forgery in the second degree (two counts) and petit larceny (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her, upon a plea of guilty, of two counts of forgery in the second degree (Penal Law § 170.10 [1]) and two counts of petit larceny (§ 155.25), defendant contends that her waiver of the right to appeal is invalid, that her sentence is unduly harsh and severe, and that she was denied effective assistance of counsel.
We conclude that County Court "engaged defendant in an adequate colloquy to ensure that the wavier of the right to appeal was a knowing and voluntary choice" (People v Kastenhuber, 180 AD3d 1333, 1334 [4th Dept 2020] [internal quotation marks omitted]; see generally People v Thomas, 34 NY3d 545, 564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Contrary to defendant's contention, "the lack of a written waiver is of no moment where, as here, the oral waiver was adequate" (People v Witherow, 203 AD3d 1595, 1595-1596 [4th Dept 2022] [internal quotation marks omitted]; see People v Thomas, 178 AD3d 1461, 1461 [4th Dept 2019], lv denied 35 NY3d 945 [2020]).
Inasmuch as the court advised defendant of the maximum sentence that could be imposed upon a violation of the plea agreement, the appeal waiver encompasses defendant's contention that the enhanced sentence is unduly harsh and severe (see People v May, 169 AD3d 1365, 1365 [4th Dept 2019]).
Defendant contends that she was denied effective assistance of counsel by defense counsel's failure to request a competency examination. To the extent that defendant's contention survives her guilty plea and valid waiver of the right to appeal (see People v Cunningham, 213 AD3d 1270, 1271 [4th Dept 2023], lv denied 39 NY3d 1110 [2023]), we conclude that it lacks merit inasmuch as "[a] history of prior mental illness or treatment does not itself call into question defendant's competence . . . [, and t]here is no indication in the record that defendant was unable to understand the proceedings or that [she] was mentally incompetent" during any of the court proceedings (People v Robinson, 39 AD3d 1266, 1267 [4th Dept 2007], lv denied 9 NY3d 869 [2007] [internal quotation marks omitted]). Defendant further contends that counsel was ineffective in failing to argue that the sentencing court should consider defendant's substantial compliance with the plea agreement as a mitigating factor. Even assuming, arguendo, that defendant's contention survives her guilty plea and waiver of the right to appeal (see People v McFarley, 144 AD3d 1521, 1522 [4th Dept 2016]; People v Smith, 144 AD3d 1547, 1548 [4th Dept 2016]), we conclude that it lacks merit inasmuch as such an argument "would have had little or no chance of success" (People v Ross, 118 AD3d 1413, 1416 [4th Dept 2014], lv denied 24 NY3d 964 [2014]).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court