People v Zukic (2025 NY Slip Op 04307)

People v Zukic

2025 NY Slip Op 04307

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

322 KA 23-00588

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TRAVIS ZUKIC, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (LEAH N. FARWELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered October 6, 2021. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree and attempted murder in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of murder in the second degree (Penal Law § 125.25 [1]) and attempted murder in the first degree (§§ 110.00, 125.27 [1] [a] [i]; [b]), defendant contends that he did not validly waive his right to appeal inasmuch as the written waiver form that he signed—a form commonly used in Erie County—portrayed the waiver as an absolute bar to the taking of a direct appeal (see People v Thomas, 34 NY3d 545, 558-559 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). We agree with defendant that the written waiver form that he signed is flawed insofar as it affirmatively misstates that "the waiver of appeal means [defendant's] case will come to an end when [he is] sentenced," that he is "giving up the right to have any court review [his] case," and that "the waiver includes all aspects of [defendant's] case" (see generally id.) and is internally inconsistent insofar as it also contains an isolated statement signaling that appellate review remains available for "rare exceptions." Notwithstanding the problematic misstatements and conflicting nature of its provisions, the written waiver form "cannot be viewed in isolation but is only one component to be considered in the totality of the circumstances" (People v Bisono, 36 NY3d 1013, 1018 n [2020]). Here, County Court's oral colloquy followed the model colloquy, accurately advising defendant that "[b]y waiving [his] right to appeal, [he] do[es] not give up [his] right to take an appeal" and that "[a]mong the limited number of claims that will survive the waiver of the right to appeal are the voluntariness of this plea, the validity and voluntariness of this waiver, the legality of the sentence, and the jurisdiction of this court." The oral colloquy thus "cured [the] defect[s]" in the written waiver form (People v Vandusen, 235 AD3d 1254, 1255 [4th Dept 2025], lv denied 43 NY3d 966 [2025]; see People v Williams, 228 AD3d 1316, 1317 [4th Dept 2024], lv denied 42 NY3d 972 [2024], reconsideration denied 42 NY3d 1055 [2024]; see generally Thomas, 34 NY3d at 563). We conclude that the record establishes that defendant knowingly, voluntarily, and intelligently waived his right to appeal (see Vandusen, 235 AD3d at 1254; People v Malcolm, 231 AD3d 1503, 1504 [4th Dept 2024], lv denied 43 NY3d 931 [2025]; People v Rowell, 224 AD3d 1335, 1335 [4th Dept 2024], lv denied 41 NY3d 985 [2024]).
Defendant's valid waiver of the right to appeal precludes our review of his contention that the court erred in refusing to suppress his statements to the police (see People v Dozier, 191 AD3d 1492, 1493 [4th Dept 2021], lv denied 36 NY3d 1119 [2021]; People v Hardy, 173 AD3d 1649, 1649 [4th Dept 2019], lv denied 34 NY3d 932 [2019]) and his challenge to the severity of his sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; Rowell, 224 AD3d at 1335-1336; People v Giles, 219 AD3d 1706, 1707 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]).
Defendant further contends that his guilty plea was not voluntary inasmuch as the court placed a time limitation on the plea offer and did not advise defendant of the maximum potential sentences under Penal Law § 70.25 (2). Although defendant's contention that his plea was involuntary "survives his waiver of the right to appeal" (People v Halsey, 108 AD3d 1123, 1124 [4th Dept 2013]), we note that, "[b]y failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that the guilty plea was not knowingly, intelligently, and voluntarily entered" (People v Motell, 229 AD3d 1330, 1331 [4th Dept 2024], lv denied 43 NY3d 931 [2025]; see People v Torres, 205 AD3d 1211, 1211 [3d Dept 2022]; People v Powell, 81 AD3d 1307, 1308 [4th Dept 2011], lv denied 17 NY3d 799 [2011]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
We have reviewed defendant's remaining contention and conclude that it lacks merit.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court